Dear Chief Caillier:
Your opinion request asked the following question with regard to annual leave for police officers under the provisions of LSA R.S. 33:2214.
 "If an officer, who has earned annual leave after having worked for one year, elects not to take the earned leave, is the municipal governing authority "obliged" to allow the officer to "build up" annual leave, and carry it over into succeeding years . . . or does that officer "lose" this vacation."
You state that this question is not covered by any rule under the Municipal Fire and Police Civil Service System.
The statute in question states in pertinent part, as follows:
R.S. 33:2214. Annual vacation; sick leave; . . .
 A.(1) Each employee of the police departments of the municipalities embraced by this Subpart, except the City of Westwego, shall, after having served one year with a respective department, be entitled and given with full pay an annual vacation leave of fifteen days during each calendar year, which shall not be denied to any such employee for any reason whatsoever.
As you correctly state, this statute makes no provision for the carryover or accumulation of unused annual vacation leave. The statute grants to the employee a vested benefit which is an earned benefit of fifteen days of annual vacation after one year of service. We must next look to the nature of the benefit, which is, the right to take fifteen days of paid vacation per year after a year of service. A vacation is for the purpose of providing rest and recreation to the employee. It is not for the purpose of accumulating a vacation or savings account unless that is stated or allowed in the statutes, rules or by the custom of the employer. In other words, unless some source of law states that the benefit may be accumulated, the vacation days expire if they are not used. It is vital to note at this point, that the employee must be given a valid opportunity to use this leave. It must be his choice not to use it. In that the statute is silent on accumulation, we must next look to the rules, custom or policy of the police department. These policies must, of course, be uniform in their application. The rule of law applicable to this policy is as follows.
If the department allows its employees to accumulate this vacation leave and carry it over year after year then the benefit becomes one of accrued annual leave. If the department rules do not allow this accumulation of leave, then at the end of the year, any unused earned vacation leave is lost. If the office makes a practice of paying the employee for this leave upon separation from service, then that becomes the practice and is part of the benefit and it must do so for all employees. For a recent Louisiana Supreme Court discussion of these principles see Knecht v. Board of Trustees for State Colleges, 591 So.2d 690
(La. 1991).
In summary, it is the opinion of this office that if the statute is silent on annual leave accumulation for police officers, then any applicable rule or custom of the employing entity governs the situation. If the custom does not allow accumulation, then none is allowed. Any policy must be applied uniformly.
Trusting the above answers your question, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr